UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No: 11-39825 LMI
Chapter 7

In Re:
LESLIE HOWARD ROBERTS, JR.
SILVIA CASTRO ROBERTS,

Debtors. /

LESLIE HOWARD ROBERTS, JR.,
SILVIA CASTRO ROBERTS,

Adversary Case No: 13-01141-LMI

Plaintiffs,

vs.

RYAN MACK D/B/A GRIFFIN GALLERIES,

Defendant. /

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO ADVERSARY COMPLAINT**

Defendant, RYAN MACK d/b/a GRIFFIN GALLERIES ("MACK"), by and through undersigned counsel, file this his Answer, Affirmative Defenses and Counterclaim to the Adversary Complaint filed by Plaintiffs, LESLIE HOWARD ROBERTS, JR. ("ROBERTS") and SILVIA CASTRO ("CASTRO") and states as follows:

1. MACK admits the allegations set forth in paragraphs 1 through 5 of the Adversary Complaint.

2. MACK denies the allegations set forth in paragraph 6 of the Adversary Complaint and demand strict proof thereof.

3. MACK admits the allegations set forth in paragraphs 7 and 8 of the Adversary Complaint.

4. MACK denies the allegations set forth in paragraph 9 through 16 of the Adversary Complaint and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

*First Affirmative Defense*

ROBERTS and CASTRO have failed to join a party/parties under Rule 7019 of the Federal Rules of Bankruptcy Procedures.

*Second Affirmative Defense*

ROBERTS and CASTRO's fraudulently misrepresented to MACK that the artwork they sold to MACK were authentic Romero Britto pieces. MACK justifiably relied on the representations and was purchased the counterfeit pieces from ROBERTS and CASTRO resulting in the debt presently due MACK by ROBERTS and CASTRO. Said debt is not dischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

*Third Affirmative Defense*

ROBERTS and CASTRO's fraudulently misrepresented with willful and malicious intent to MACK that the artwork they sold to MACK were authentic Romero Britto pieces. MACK justifiably relied on the representations and was purchased the counterfeit pieces from ROBERTS and CASTRO resulting in the debt presently due MACK by ROBERTS and CASTRO. Said debt is not dischargeable pursuant to 11 U.S.C. §523(a)(6).

MACK reserves the right to amend these Affirmative Defenses.

## COUNTERCLAIM

Defendant/Counter-Plaintiff, MACK, by and through undersigned counsel, files this his Counterclaim objecting to the discharge of the debt due by Plaintiffs/Counter-Defendants, ROBERTS and MACK, and states as follows:

## JURISDICTION

1. This Court has jurisdiction over this adversary proceeding pursuant to proceeding pursuant to 28 U.S.C. §§157 and 1334(b) and 11 U.S.C §523.

2. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(F).

3. This District is the proper venue for this proceeding pursuant to 28 U.S.C. § 1409.

## PARTIES

4. MACK is a creditor of ROBERTS and CASTRO by virtue of their fraudulent procurement of funds from MACK in excess of $75,000.00.

5. ROBERTS and CASTRO are natural persons claiming to have a usual place of residence in the Southern District of Florida and are the Chapter 7 Debtors in this case.

## GENERAL ALLEGATIONS

6. MACK has been buying and selling fine artwork for the past six years focusing on living artists because of the issues involved in authentication of artwork from deceased artists. MACK rarely deals with the artist directly and buys the art work from sellers typically online. MACK purchased his first Romero Britto painting from a seller Linda Safira in May of 2009.

7. MACK learned that Linda Safira was really CASTRO and that CASTRO and ROBERTS were married.

8. MACK was then contacted by ROBERTS and advised that he could purchase additional Romero Britto artwork at a "good price." MACK researched Britto in the Grove, Max in the Grove and Coral Gables Gallery, all associated with ROBERTS and CASTRO, and found that the gallery was actually 8 miles from Britto Central on Lincoln Road in Miami, Florida. MACK also

checked Britto in the Grove's website which has a link directly to www.Britto.com, the official homepage of Romero Britto.

9. ROBERTS represented to MACK that he was purchasing the Britto Paintings from Tom Britto and Teresa Britto who were Romero Britto's brother and sister. In December of 2009, ROBERTS clarified with MACK that the artwork were coming from Teresa Britto at Britto Central Brazil in Sao Paulo, Brazil. ROBERTS further represented to MACK that the source of all the painting were from Teresa Britto's gallery which was Britto Central Brazil.

10. In June of 2009, MACK began selling Britto artwork on-line which MACK had purchased from ROBERTS and CASTRO at Britto in the Grove. From June 2009 to December 2009, MACK listed on his website the Britto artworks with the reference numbers clearly visible along with a detailed photo of each piece.

11. On September 11, 2009, MACK had a buyer under the name of Guiccigm@hotmail.com purchase a few of the Britto paintings. (Plaintiff later found out that the buyer Guiccign had the same address as Magical Thinking Art, Inc. which is the exclusive wholesale dealer and distributor of Romero Britto.) MACK called the registered number of the seller which he later found out was the phone number for Magical Thinking Art, Inc.

12. MACK then received an e-mail from Guiccign@hotmail.com asking if "these [Britto Artwork] have a Britto Central issued COA [certificate of authenticity]? All of Romero Britto Originals have COA's with a raised seal from his company. I will not purchase them without one."

13. MACK had not previously requested a certificate of authenticity from ROBERTS and CASTRO because the paperwork and reference numbers were located on the back of the painting. However, MACK did call ROBERTS requesting the certificate of authenticity "COA" with a raised seal. ROBERTS stated that MACK would have to pay $35.00 each for the COAs and that

ROBERTS would gladly deliver the COAs to MACK. ROBERTS subsequently did provide the COAs to MACK.

14. ROBERTS also represented to MACK that the numbers on the COA are Britto's international numbers and would not show up on domestic Britto inventories. ROBERTS than forwarded an e-mail to MACK that was allegedly issued by Romero Britto explaining that if someone called Britto Central in Miami that the Britto Central staff would be unable to verify Britto artworks from any other source then their gallery. MACK now believes that said e-mail was forged.

15. MACK traveled twice to visit Britto in the Grove and met with ROBERTS and CASTRO and believed that everything appeared legitimate and that ROBERTS and CASTRO were authorized dealers for Romero Britto. While at the gallery, MACK purchased additional Romero Britto pieces that were hanging on the wall of the gallery which again was located just 8 miles from Britto Central.

16. In October of 2009, MACK received a telephone call from ROBERTS who requested that MACK remove all photos showing the reference numbers for the purchased artwork from MACK's online site. ROBERTS represented to MACK that other dealers were complaining to Britto Central that MACK was selling the artwork at a reduced price and that ROBERTS was worried that this would endanger ROBERTS relationship with Romero Britto. ROBERTS represented to MACK that ROBERTS and CASTRO were buying in volume from Britto Central Brazil which allowed them to sell artwork to MACK for a lower price. MACK agreed to take down the photos because he had received the Britto Central COA with the raised seals for each piece purchased from Britto in the Grove.

17. In November of 2009, MACK received a telephone call from another dealer located in Boca Raton, Florida who stated that he believed that the Britto paintings being sold by ROBERTS

and CASTRO were not authentic. This was the first time anyone had informed MACK that there may be an issue with the authenticity of the Britto paintings he had purchased from ROBERTS and CASTRO and sold to MACK's customers. The dealer believed there was a problem because he believed the paintings had no reference number, but MACK had received the painting reference number and the COAs to authenticate the artwork.

18. MACK did advise ROBERTS about the art dealers' claims and ROBERTS advised that he was aware and that his attorneys would handle same.

19. On December 9, 2009, MACK's employee received a call from "Jessica" from Magical Thinking Art, Inc. asking MACK to remove the online listings since the Britto paintings were not authentic. At the time MACK received this call he was not sure who Magical Thinking Art, Inc. was and believed this was another dealer who was upset with his pricing.

20. However, MACK did in fact remove the Britto listings and stopped selling the Britto pieces of art. MACK then called ROBERTS who informed him that "he would take care of the problem with Jessica" and that she would not call him again. ROBERTS called back shortly and requested that the listings be kept off MACK's online site for a while because he was concerned about getting cut-off from his source.

21. On December 17, 2009, MACK received a call from his biggest Britto client informing him that he had contacted Britto Central and they claimed all of the Britto paintings he purchased from MACK were not authentic. MACK's client stated a Britto art dealer from France had informed him that the pieces he possessed were not authentic.

22. MACK called ROBERTS immediately to discuss this new information and ROBERTS stated he knew MACK's client and sent MACK a copy of an e-mail to this client stating that the paintings are authentic and from his Britto in the Grove gallery. Then on December 23,

2009, MACK received a forwarded e-mail from his client that was received from Magical Thinking Art, Inc. stating that all the artworks he had purchased from MACK were verified as not authentic. MACK immediately informed his client that a full refund would be made for the pieces of art.

23. On December 24, 2009, MACK received an e-mail from a Michael Rosen of Sao Paulo Brazil asking if he could contact the client directly to advise him that the Britto artworks that ROBERTS and CASTRO were selling and in his possession were authentic. ROBERTS represented to MACK that Michael Rosen was the curator for Britto artworks at Britto Central Brazil. MACK was informed that all the pieces of art came from Britto's studios in Sao Paulo, Brazil. MACK went to the Britto website http://www.britto.com. to verify what he was told. The website indicated that it was another official Romero Britto website leading MACK to believe that there were two markets for Britto artworks, the domestic American market and the Brazilian market.

24. During this same time period, MACK received a copy of an e-mail from Michael Rosen to Jessica at Magical Thinking Art, Inc. which indicated that all was well with the issues of authentication.

25. On December 26, 2009, ROBERTS forwarded an e-mail from Michael Rosen to MACK's client regarding the authenticity of the artwork he had in his possession. Three days later MACK received an e-mail from his client stating he was waiting to hear from Romero Britto directly on the authenticity of the pieces of art he had in his possession.

26. On December 30, 2009, MACK's client withdrew his dispute with him and forwarded MACK an e-mail that he received directly from Romero@RomeroBrittoCentral.com stating that all his Britto artworks were authentic and from Romero Britto Brazil. MACK believed this resolved the issue of authenticity.

27. MACK then received an e-mail from Jessica at Magical Thinking Art, Inc. stating that the e-mail from Romero@RomeroBrittoCentral.com was not sent by Romero Britto and was a not legitimate. MACK then called Jessica directly and learned that she had been in discussions with someone claiming to be "Sean Jon Hill," an associate of MACK, about the forged paintings which MACK believes was an attempt by ROBERTS and CASTRO to deceive Britto Central and to keep MACK from direct communication with Magical Thinking Art, Inc. MACK was asked by Britto Central to not contact ROBERTS and CASTRO about the recent conversations they had regarding the artwork.

28. MACK currently has in his possession (22) twenty-two pieces of art that Britto Central has confirmed are forgeries and (43) forty-three pieces of art that MACK sold to his customers as original and authentic pieces of art from Romero Britto.

**COUNT I**
**OBJECTION TO DISCHARGE**
**11 U.S.C. §523(a)(2)(A)**

29. MACK realleges paragraphs 1 through 28 as if fully set forth herein.

30. ROBERTS and CASTRO represented to MACK that they were authorized Britto dealers and were able to sell to MACK authenticate Britto artwork at a lower price due to their close relationship with Britto Central.

31. ROBERTS and CASTRO knew at all times material hereto that they were not authorized Britto dealers, had no special relationship with Britto Central and that they were selling forgeries of Britto artwork and claiming the artwork was authentic. Further, the representations were made to induce MACK to purchase artwork from ROBERTS and CASTRO.

32. The representations did induce MACK to purchase artwork from ROBERTS and CASTRO. MACK justifiably relied on the representations made by ROBERTS and CASTRO and purchased a number of Britto pieces and resold a portion to MACK's customers.

33. As a result of the purchases, MACK has been damaged in excess of $75,000.00, exclusive of interest, costs and attorneys fees, for the purchase of the counterfeit artwork as well as damage to MACK's relationship with his customers.

34. MACK has performed all conditions precedent and same have been waived.

WHEREFORE, Defendant/Counter-Plaintiff, RYAN MACK, prays that this Court enter an order denying the discharge of RYAN MACK's claim pursuant to 11 U.S.C. §523 (a)(2)(A) and tax the attorney's fees and costs relating to the prosecution of this matter against Plaintiffs/Counter-Defendants, LESLIE HOWARD ROBERTS, JR. and SILVIA CASTRO.

**COUNT II**
**OBJECTION TO DISCHARGE**
**11 U.S.C. §523(a)(6)**

35. MACK realleges paragraphs 1 through 28 as if fully set forth herein.

36. ROBERTS and CASTRO represented to MACK that they were authorized Britto dealers and were able to sell to MACK authenticate Britto artwork at a lower price due to their close relationship with Britto Central.

37. ROBERTS and CASTRO knew at all times material hereto that they were not authorized Britto dealers, had no special relationship with Britto Central and that they were selling forgeries of Britto artwork and claiming the artwork was authentic. Further, the representations were made with willful and malicious intent to induce MACK to purchase artwork from ROBERTS and CASTRO.

38. The representations did induce MACK to purchase artwork from ROBERTS and CASTRO. MACK justifiably relied on the representations made by ROBERTS and CASTRO and purchased a number of Britto pieces and resold a portion to MACK's customers.

39. As a result of the purchases, MACK has been damaged in excess of $75,000.00, exclusive of interest, costs and attorneys fees, for the purchase of the counterfeit artwork as well as damage to MACK's relationship with his customers.

40. MACK has performed all conditions precedent and same have been waived.

WHEREFORE, Defendant/Counter-Plaintiff, RYAN MACK, prays that this Court enter an order denying the discharge of RYAN MACK's claim pursuant to 11 U.S.C. §523 (a)(6) and tax the attorney's fees and costs relating to the prosecution of this matter against Plaintiffs/Counter-Defendants, LESLIE HOWARD ROBERTS, JR. and SILVIA CASTRO.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of May, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and served same via the Notice of Electronic Filing on Mark Steinberg, Esq., 9400 South Dadeland Blvd., PH-5, Miami, Florida 33156, mss@steinberglawoffices.com; mss25@juno.com.

By: s/ Allison L. Friedman
ALLISON L. FRIEDMAN, ESQ.
Florida Bar No. 0055336
ALLISON L. FRIEDMAN, P.A.
20533 Biscayne Blvd., Suite 4-435
Aventura, Florida 33180
(305) 905-2679 (Telephone)
(305) 692-9387 (Facsimile)
ralfriedman@hotmail.com