**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**In Re:**

**Leslie Howard Roberts, Jr.**
**Silvia Castro Roberts,**
**Debtors.**
**________________________/**

**Case No. 11-39825 LMI**
**Chapter 7**

**Leslie Howard Roberts, Jr.**
**Silvia Castro Roberts,**
**Plaintiffs,**

**Adv. Case No. 13-01141 LMI**

**vs.**

**Ryan Mack d/b/a**
**Griffin Galleries,**
**Defendant.**
**________________________/**

**PLAINTIFFS' ANSWER TO COUNTERCLAIM**

**COME NOW THE PLAINTIFFS, LESLIE HOWARD ROBERTS, JR. AND SILVIA CASTRO ROBERTS,** by and through the undersigned attorney, and respond to the Defendant's Counterclaim as follows:

1. Admitted.
2. Admitted.
3. Admitted.
4. Denied.
5. Admitted.
6. Without Knowledge.
7. Denied that Linda Safira was really Castro but Admitted that Castro and Roberts were married.

8. Denied that Mack was contacted by Roberts and advised that he could purchase additional Romero Britto artwork at a "good price." Without Knowledge as to whether Mack researched Britto in the Grove, Max in the Grove, or Coral Gables Gallery. Admitted that the gallery was actually eight miles from Britto Central on Lincoln Road in Miami Beach Florida. Denied that Britto in the Grove's website has a link directly to www.Britto.com.

9. Admitted that Roberts represented to Mack that he was purchasing the Britto Paintings from Tom Britto. Denied that Roberts represented to Mack that he was purchasing the Britto Paintings from Teresa Britto. All other allegations contained in Paragraph 9 are Denied.

10. Without Knowledge.

11. Without Knowledge.

12. Without Knowledge.

13. Without Knowledge as to why Mack had not requested a certificate of authenticity. All other allegations contained in Paragraph 13 are Denied.

14. Without Knowledge as to what Mack now believes. All other allegations contained in Paragraph 14 are Denied.

15. Admitted that Mack met with Roberts twice. Denied that Mack met with Castro twice. Without Knowledge as to what Mack believed. Admitted that while at Roberts' gallery, Mack purchased additional Romero Britto pieces.

16. Without Knowledge as to why Mack agreed to take down the photos from his website. All other allegations contained in Paragraph 16 are Denied.

17. Without Knowledge.

18. Denied.

19. Without Knowledge.

20. Without Knowledge as to whether Mack removed the Britto listings or stopped selling the Britto pieces of art. All other allegations contained in Paragraph 20 are Denied.

21. Without Knowledge.

22. Denied that Mack called Roberts to discuss new information or that Roberts stated that he knew Mack's client or that he sent Mack a copy of an e-mail to this client stating that the paintings are authentic and from his Britto in the Grove gallery. The Debtor is Without Knowledge as to the remaining allegations contained in Paragraph 22.

23. Denied that Roberts represented to Mack that Michael Rosen was the curator for Britto artworks at Britto Central Brazil. The Debtor is Without Knowledge as to the remaining allegations contained in Paragraph 23.

24. Without Knowledge.

25. Admitted that on December 26, 2009 Roberts forwarded an e-mail from Michael Rosen to Mack's client. The Debtor is Without Knowledge as to whether Mack received an e-mail from his client or the contents of that e-mail.

26. Without Knowledge.

27. Without Knowledge.

28. Without Knowledge.

29. Admitted.

30. Admitted that Roberts represented to Mack that he was an authorized Britto dealer. Denied that Castro represented to Mack that she was an authorized Britto dealer. Denied that either Roberts or Castro represented that they were able to sell to Mack

authenticated Britto artwork at a lower price due to their close relationship with Britto Central.

31. Denied.

32. Without Knowledge as to what induced Mack to purchase artwork from Roberts. Denied that Mack ever purchased artwork from Castro. All other allegations contained in Paragraph 32 are Admitted.

33. Denied.

34. Denied.

35. Admitted.

36. Admitted that Roberts represented to Mack that he was an authorized Britto dealer. Denied that Castro represented to Mack that she was an authorized Britto dealer. Denied that either Roberts or Castro represented that they were able to sell to Mack authenticated Britto artwork at a lower price due to their close relationship with Britto Central.

37. Denied.

38. Without Knowledge as to what induced Mack to purchase artwork from Roberts. Denied that Mack ever purchased artwork from Castro. All other allegations contained in Paragraph 38 are Admitted.

39. Denied.

40. Denied.

**FIRST AFFIRMATIVE DEFENSE**
**ACCORD AND SATISFACTION**

41. Between April 2010 and June 2010, Mack filed chargeback requests with his credit card companies in the total amount of $118,025.00.

42. Between May 2010 and August 2010, Mack's credit card companies decided in his favor and refunded Mack the sum of $118,025.00.

**SECOND AFFIRMATIVE DEFENSE**
**UNDUE ENRICHMENT**

43. When the allegations first arose that the artwork sold to Mack may not have been authentic, Roberts agreed to exchange the disputed artwork for different pieces.

44. Mack came to Roberts' gallery and selected approximately $100,000.00 worth of art that was promptly delivered to Mack's gallery in Minnesota.

45. Mack never returned the original pieces of art and, to the best of Roberts' knowledge, sold all of the pieces at a significant profit.

**THIRD AFFIRMATIVE DEFENSE**
**FRAUD**

46. Mack told Roberts that he wanted to return the pieces of art that he believed were not authentic.

47. Roberts agreed to exchange the art for different pieces created by various artists.

48. Mack came to Roberts' place of business and selected approximately $100,000.00 worth of additional art that was promptly delivered to Mack's gallery in Minnesota.

49. Mack expressly told Roberts that he would return the initial art purchases.

50. Mack never returned the first order of art, kept the second order that was delivered to Mack's gallery in Minnesota and successfully disputed the initial purchases with his credit card companies.

**FOURTH AFFIRMATIVE DEFENSE**
**LACK OF INTENT**

51. There has yet to be a determination that any of the artwork that was sold to Mack by Roberts was forged or was in any other way unauthentic.

52. However, if any of the pieces are ever to be determined to be forged or unauthentic, they were acquired by Roberts without any such knowledge and there was no intent on the part of Roberts to defraud Mack.

**FIFTH AFFIRMATIVE DEFENSE**
**LACK OF PRIVITY (ONLY TO CASTRO)**

53. At no time did Mack ever conduct business with Castro nor did she ever make any representations to Mack upon which he would have relied.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 13, 2013 a copy of the foregoing Answer to the Counterclaim was delivered to Allison L. Freidman, Esq. by email to ralfriedman@hotmail.com.

Submitted by: /s/ Mark S. Steinberg
Signature

Mark S. Steinberg, Esq.
Florida Bar No. 883913
Attorney for Debtors
9400 South Dadeland Boulevard
Penthouse Five
Miami, Florida 33156
Telephone: (305) 671-0015
Primary email: mss@steinberglawoffices.com
Secondary email: mss25@juno.com