UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No: 11-39825 LMI
Chapter 7

In Re:
LESLIE HOWARD ROBERTS, JR.
SILVIA CASTRO ROBERTS,

Debtors. /

LESLIE HOWARD ROBERTS, JR.,
SILVIA CASTRO ROBERTS,

Adversary Case No: 13-01141-LMI

Plaintiffs,

vs.

RYAN MACK D/B/A GRIFFIN GALLERIES,

Defendant. /

**_EX PARTE_ MOTION FOR ENTRY OF ORDER AUTHORIZING FBI TO COMPLY WITH SUBPOENA**

Defendant/Counter-Plaintiff, RYAN MACK, files this his *Ex Parte* Motion for Order Authorizing FBI to Comply with Subpoena and is support thereof states as follows:

1. On or about October 1, 2013, a subpoena in this case was served on the FBI in its Miami location. Attached hereto as Exhibit "A" is a copy of the Affidavit of Service. Attached hereto as Exhibit "B" is a copy of the subpoena served on the FBI.

2. Subsequent thereto, undersigned counsel received correspondence from the FBI that in order to comply with the Subpoena, the FBI requires a Court Order pursuant the Privacy Act, 5 U.S.C. Section 522a(b) (11) which allows disclosure if made "pursuant to the order of a court of competent jurisdiction." Attached hereto as Exhibit "C" is the proposed Order requested by the FBI.

3. A copy of the subpoena was sent to Plaintiffs prior to service of same and as of this date, Plaintiffs have not objected to the subpoena.

WHEREFORE, Defendant/Counter-Plaintiff, RYAN MACK, request that this Court enter the proposed Order authorizing the FBI to comply with the Subpoena and such further relief as the court deems proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of October, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By: s/ Allison L. Friedman
ALLISON L. FRIEDMAN, ESQ.
Florida Bar No. 0055336
ALLISON L. FRIEDMAN, P.A.
20533 Biscayne Blvd., Suite 4-435
Aventura, Florida 33180
(305) 905-2679 (Telephone)
(305) 692-9387 (Facsimile)
ralfriedman@hotmail.com

# EXHIBIT "A"

***VERIFIED RETURN OF SERVICE***

UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA

LESLIE HOWARD ROBERTS,JR
(Plaintiff)
vs

RYAN MACK D/B/A GRIFFIN GALLERIES
(Defendant)

CASE: 1139825LMI

SUBPOENA IN ADVERSARY COMPLAINT
10/28/2013

AT THE REQUEST OF:

ALLISON L FRIEDMAN, PA
20533 BISCAYNE BVLD STE 4-435
AVENTURA, FL, 33160
ATTN.FRIEDMAN, ALLISON L ESQ

I, MIGUEL INIGO received this process on 9/26/2013 at 8:00 AM and on this day 10/01/2013 at 915AM to:

FBI
16320 NW 2ND AVE
N MIAMI BEACH, FL 33169

Subpoena was accepted by the named party and a fee for mileage and one day's attendance allowed by law was tendered to the party below:

Comments: DEYANIRA APONTE - PARALEGAL

I acknowledge that I have no interest in this action.
I hereby certify that I am over 18 years of age.

I hearby certify that this Subpoena was served as stated. Under penalty of perjury, I declare that I have read the forgoing Verified Return Of Service and that the facts stated are true.

Process Server Signature ____________________
Process Server Name: MIGUEL INIGO ID NO.: 2097

REFERENCE: CC1362791-868-DDSU AFFIDAVIT DATE: October 1, 2013

Notary not required pursuant to F.S. 92.525

CROSS COUNTY INVESTIGATIVE SERVICES, INC
P.O. BOX 245715
PEMBROKE PINES, FL. 33024
954-963-7751

# EXHIBIT "B"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In Re:
LESLIE HOWARD ROBERTS, JR.
SILVIA CASTRO ROBERTS,

Debtors. /

Case No: 11-39825 LMI
Chapter 7

LESLIE HOWARD ROBERTS, JR.,
SILVIA CASTRO ROBERTS,

Plaintiffs,

vs.

RYAN MACK D/B/A GRIFFIN GALLERIES,

Defendant. /

Adversary Case No: 13-01141-LMI

**SUBPOENA IN ADVERSARY COMPLAINT**

To: **FBI**
**Chief Division Counsel Julio Ball**
**16320 NW 2nd Ave.**
**North Miami Beach, FL 33169**

[ ] YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[ x ] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**All documents seized from Leslie Howard Roberts and his businesses in execution of the search warrant, including, but not limited to, the specific items requested in the attached list to this subpoena.**

| PLACE | DATE AND TIME |
|---|---|
| **FBI Offices**<br>**16320 NW 2nd Ave.**<br>**North Miami Beach, FL 33169** | October 28, 2013 @ 2:30 p.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030 Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>s/Allison L. Friedman, Esq. | TITLE<br>Counsel for Defendant/Counter-Plaintiff, Ryan Mack |
|---|---|
| ISSUING OFFICER'S NAME (PRINT)<br>Allison L. Friedman, Esq. | PHONE<br>(305) 905-2679 |
| ADDRESS<br>20533 Biscayne Blvd., Suite 4-435, Aventura, Florida 33180 | DATE<br>September 26, 2013 |

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________________
DATE

______________________________
SIGNATURE OF SERVER

______________________________
ADDRESS OF SERVER

______________________________

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure: See also Local Rules 7026-1 and 7030-2.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises - or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom the discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**DOCUMENTS REQUESTED**

1. All bank records for Leslie Howard Roberts, Britto in the Grove, Max in the Grove, Coral Gables Galleries and Silvia Castro Roberts.
2. All financial records, including any accounting software, ledgers, books, receipts, bills of lading, credit card statements or similiar documents for Leslie Howard Roberts, Britto in the Grove, Max in the Grove, Coral Gables Galleries and Silvia Castro Roberts.
3. Any correspondences, e-mails, notes, contracts, or letters between Leslie Howard Roberts, employees of Britto in the Grove, Max in the Grove, Coral Gables Galleries, Silvia Castro, Michael Rosen, Romero Britto, Chino Taylor, Magical Thinking Art or Britto Central.
4. All invoices for the purchase of art and the sale of art for Leslie Howard Roberts, Britto in the Grove, Max in the Grove, Coral Gables Galleries and Silvia Castro Roberts.

# EXHIBIT "C"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No: 11-39825 LMI
Chapter 7

In Re:
LESLIE HOWARD ROBERTS, JR.
SILVIA CASTRO ROBERTS,

Debtors. /

LESLIE HOWARD ROBERTS, JR.,
SILVIA CASTRO ROBERTS,

Adversary Case No: 13-01141-LMI

Plaintiffs,

vs.

RYAN MACK D/B/A GRIFFIN GALLERIES,

Defendant. /

**ORDER AUTHORIZING FBI TO COMPLY WITH SUBPOENA**

THIS CAUSE having come before the Court on Defendant/Counter-Plaintiff RYAN MACK's *Ex Parte* Motion for Order Authorizing FBI to Comply with Subpoena and the Court having reviewed said Motion and being otherwise duly advised in its Premises, it is

This Order is entered for the purpose of protecting the right of privacy of those individuals, including LESLIE HOWARD ROBERTS, JR. and SILVIA CASTRO ROBERTS, whose names appear in the records described in the attached Subpoena for Records without deposition. An agency is prohibited from disclosing records or information contained in records protected under the Privacy Act unless such disclosure falls within one of the exceptions set forth at 5 U.S.C. Section 522a(b). Pursuant to 5 U.S.C. Section 522a(b) (11), disclosure is allowed if made "pursuant to the order of a court of competent jurisdiction." To invoke this exception to the Privacy Act, the Court must make a determination that the need for disclosure of the information outweighs the privacy interests of the subject of the disclosure. Perry v. State Farm Fire & Casualty Company, 734 F.2d 1441,1447 (11th Cir.1984), cert. denied 469 U.S. 1108 (1985); Tootle v. Seaboard Coast Line R&R, 468 So.2d 237, 239 (Fla. Dist.Ct.App.1984). In this case, the Court finds that the records described are relevant to the issues raised in the above captioned case and that the need of the party requesting the records outweighs the potential harm to the subjects of the disclosure. This Order permits the disclosure in the course of this action of the records described in the attached subpoena issued and served upon the FBI on October 1, 2013.

IT IS HEREBY ORDERED that pursuant to the provisions of the Privacy Act, 5 U.S.C. Section 522(a) (b) (11), the Government is authorized to provide to the party requesting this Order those portions of the FBI file that are responsive to the subpoena subject to the following: The Government is entitled to invoke any privilege existing under the law or regulation other than the Privacy Act in connection with its release of such documents.

###

Submitted By:
Allison L. Friedman, Esq,
Florida Bar No. 0055336

Allison L. Friedman, P.A.
20533 Biscayne Boulevard, Suite 4-435
Aventura, Florida 33180
(305) 905-2679 (Telephone)
(305) 692-9387 (Facsimile)

Copies furnished to:
Allison L. Friedman, Esq. is directed to mail or electronically serve where available a conformed copy of this Order to all interested parties.