UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No: 11-39825 LMI
Chapter 7

In Re:
LESLIE HOWARD ROBERTS, JR.
SILVIA CASTRO ROBERTS,

Debtors. /

LESLIE HOWARD ROBERTS, JR.,
SILVIA CASTRO ROBERTS,

Adversary Case No: 13-01141-LMI

Plaintiffs,

vs.

RYAN MACK D/B/A GRIFFIN GALLERIES,

Defendant. /

**REPLY TO RESPONSE (ECF NO. 44) TO *EX PARTE* MOTION FOR ENTRY OF ORDER AUTHORIZING FBI TO COMPLY WITH SUBPOENA (ECF NO. 43)**

Defendant/Counter-Plaintiff, RYAN MACK, files this his Reply to Plaintiffs/Counter-Defendants' Response (ECF No. 44) to Ex-Parte Motion for Entry of Order Authorizing FBI to Comply with Subpoena (ECF No. 43) and in support thereof states as follows:

1. On or about June 12, 2013, a Request for Production was served on LESLIE HOWARD ROBERTS, JR. ("ROBERTS"), a copy of which is attached hereto as Exhibit "A."

2. On or about August 13, 2013, ROBERTS served MACK with his Response to Request for Production wherein ROBERTS' only objected to producing any post-petition bank statements and for some communications as overly broad, a copy of which is attached hereto as Exhibit "B."

3. On or about October 1, 2013, a subpoena in this case was served on the FBI in its Miami location. Attached hereto as Exhibit "C" is a copy of the subpoena served on the FBI.

4. Subsequent thereto, undersigned counsel received correspondence from the FBI that in order to comply with the Subpoena, the FBI requires a Court Order pursuant the Privacy Act, 5

U.S.C. Section 522a(b) (11) which allows disclosure if made "pursuant to the order of a court of competent jurisdiction." Attached hereto as Exhibit "D" is the revised[1] proposed Order requested by the FBI.

5. Further, at his deposition in this case, ROBERTS testified that all the requested documents were in possession of the FBI who is investigating ROBERTS criminally.

6. At not time did ROBERTS object to any of the requests in the Request for Production as irrelevant or that the requests be limited to the specific litigation, nor did he object to the request for five (5) years worth of documents ex. The requests in the FBI subpoena are the same request set forth in the Request for Production to ROBERTS to which ROBERTS failed to object.

7. Specifically, the FBI subpoena requests all "bank records for Leslie Howard Roberts, Britto in the Grove, Max in the Grove, Coral Gables Galleries and Silvia Castro Roberts" which are the same as requests 6 through 9 of the Request for Production. A Request for Production was also served on SILVIA CASTRO ROBERTS requesting her bank statements to which she did not object to the extent said documents were pre-petition.

8. The FBI subpoena also requests "[a]ll financial records, including any accounting software, ledgers, books, receipts, bills of lading, credit card statements or similar documents for Leslie Howard Roberts, Britto in the Grove, Max in the Grove, Coral Gables Galleries and Silvia Castro Roberts" which are the same as requests 11 and 21 through 25 of the Request for Production and the only objection was to any post-petition production. A Request for Production was also served on SILVIA CASTRO ROBERTS requesting the same information from her which she did not object to the extent said documents were pre-petition.

---

[1] Subsequent to filing to *Ex Parte* Motion (ECF No. 43), the FBI requested that the proposed Order be revised.

9. The FBI subpoena also requests "[a]ny correspondences, e-mails, notes, contracts, or letters between Leslie Howard Roberts, employees of Britto in the Grove, Max in the Grove, Coral Gables Galleries, Silvia Castro, Michael Rosen, Romero Britto, Chino Taylor, Magical Thinking Art or Britto Central" which are the same as requests 1 through 4 and 20 of the Request for Production. ROBERTS only objected to request number 20 as overly burdensome but not as irrelevant to this litigation.

10. Finally, the FBI subpoena also requests "[a]ll invoices for the purchase of art and the sale of art for Leslie Howard Roberts, Britto in the Grove, Max in the Grove, Coral Gables Galleries and Silvia Castro Roberts" which are the same as requests 21 through 25 of the Request for Production and the only objection was to any post-petition production. A Request for Production was also served on SILVIA CASTRO ROBERTS requesting the same information from her which she did not object to the extent said documents were pre-petition.

11. These requests seek documents and information that may lead to the discovery of relevant and admissible information in support of MACK's Counterclaim against ROBERTS and SILVIA CASTRO ROBERTS and such discovery is permissible. *See Mendizabal v. Hernandez-Abreu (In re Hernandez-Abreu)* Adv. No. 12-1401-BKC-AJC-A (Bankr. S.D.Fla. April 15, 2013).

WHEREFORE, Defendant/Counter-Plaintiff, RYAN MACK, request that this Court enter the proposed Order authorizing the FBI to comply with the Subpoena and such further relief as the court deems proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 5th day of November, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By: s/ Allison L. Friedman
ALLISON L. FRIEDMAN, ESQ.
Florida Bar No. 0055336
ALLISON L. FRIEDMAN, P.A.
20533 Biscayne Blvd., Suite 4-435
Aventura, Florida 33180
(305) 905-2679 (Telephone)
(305) 692-9387 (Facsimile)
ralfriedman@hotmail.com

# EXHIBIT "A"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In Re: Case No: 11-39825 LMI
Chapter 7

Leslie Howard Roberts, Jr.,
Silvia Castro Roberts,

Debtors.
_______________________________/

Leslie Howard Roberts, Jr., Adversary No: 13-01141-LMI
Silvia Castro Roberts,

Plaintiffs,

vs.

Ryan Mack d/b/a
Griffin Galleries,

Defendants.
_______________________________/

**DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF LESLIE HOWARD ROBERTS, JR.**

TO: PLAINTIFF LESLIE HOWARD ROBERTS, JR. AND HIS ATTORNEY MARK S. STEINBERG, ESQ., 9400 SOUTH DADELAND BOULEVARD, PENTHOUSE FIVE, MIAMI. FLORIDA 33156

**PLEASE TAKE NOTICE** that the Defendants Ryan Mack d/b/a Griffin Galleries requests the following documents or items pursuant to the Federal Rules of Bankruptcy Procedure, Rule 7034 within thirty (30) days of the service of this request:

**IDENTIFICATION OF PRIVILEGED DOCUMENTS**

If you assert a claim of privilege with respect to any of the documents requested below, identify each such document by stating:

a. The general character of the document (e.g., letter, memorandum, contract, etc.);

b. Its date, or if it has no date, the approximate date of its preparation;

c. The names of its author and all addressees, and of any other persons who helped in its preparation;

d. A summary of its subject matter;

e. Its present location and custodian;

f. If it is no longer in your possession, what disposition was made of it; and

g. The ground on which you assert the claim of privilege.

**DEFINITIONS**

1. The word "documents" as used in this request means any correspondence, notes, memoranda, writings, reports, drafts, books, papers, drawings, ledgers, journals, charts, photographs, or any other type of records or form of data compilation and any other tangible things within the scope of discovery as defined by Rule 34.01.

**DOCUMENTS TO BE PRODUCED**

1. A copy of all agreements, contracts, or other written arrangements between Plaintiff, Leslie Howard Roberts, Jr,. and the following individuals or companies:

a. Magical Thinking Art;

b. Britto Central, Inc. (USA);

c. Britto Central Brazil;

d. Romero Britto; and

e. Sunny Investments, Inc.

2. A copy of agreements, contracts, or other written arrangements between Britto in the Grove and the following individuals or companies:

   a. Magical Thinking Art;

   b. Britto Central, Inc. (USA);

   c. Britto Central Brazil;

   d. Romero Britto; and

   e. Sunny Investments, Inc.

3. A copy of agreements, contracts, or other written arrangements between Coral Gables Galleries, Inc. and the following individuals or companies:

   a. Magical Thinking Art;

   b. Britto Central, Inc. (USA);

   c. Britto Central Brazil;

   d. Romero Britto; and

   e. Sunny Investments, Inc.

4. A copy of agreements, contracts, or other written arrangements between Plaintiff, Leslie Howard Roberts, Jr., and Peter Max.

5. A list of the names and address of all outside art vendors used by Britto in the Grove, Max in the Grove and Coral Gables Galleries, Inc., including a copy of any contracts with those vendors.

6. A copy of all bank statements for the last five years for Plaintiff, Leslie Howard

Roberts, Jr.

7. A copy of all bank statements for the last five years for Britto in the Grove.

8. A copy of all bank statements for the last five years for Max in the Grove.

9. A copy of all bank statements for the last five years for Coral Gables Galleries, Inc.

10. A copy of any agreements with outside firms, corporations or independent contractors for Britto in the Grove, Max in the Grove and Coral Gables Galleries, Inc.

11. A copy of the data contained on any accounting program, including Quick Books or other computer program that Plaintiff, Leslie Howard Roberts, Jr., Britto in the Grove, Max in the Grove and Coral Gables Galleries, Inc. uses for tracking the day to day operations of business for the last five years.

12. A copy of any and all e-mails, memos or correspondences between Plaintiff, Leslie Howard Roberts, Jr., and Defendant, Ryan Mack d/b/a Griffin Galleries, or any individuals acting on Defendant's behalf.

13. A copy of any and all e-mails, memos or correspondences between representatives of Britto in the Grove and Defendant, Ryan Mack d/b/a Griffin Galleries, or any individuals acting on Defendant's behalf.

14. A copy of any and all e-mails, memos or correspondences between representatives of Coral Gables Galleries, Inc. and Defendant, Ryan Mack d/b/a Griffin Galleries,

or any individuals acting on Defendant's behalf.

15. A copy of any and all e-mails, memos or correspondences between representatives of Max in the Grove and Defendant, Ryan Mack d/b/a Griffin Galleries, or any individuals acting on Defendant's behalf.

16. Any and all documents associated with the E-bay store, including but not limited to www.grovepopart.com.

17. A copy of any and all e-mails, memos, invoices, correspondences, agreements or other written documents between Plaintiff, Leslie Howard Roberts, Jr., and Tom Britto and/or Teresa Britto for the last five years.

18. A copy of any and all e-mails, memos, invoices, correspondences, agreements or other written documents between Britto in the Grove and Tom Britto and/or Teresa Britto for the last five years.

19. A copy of any and all e-mails, memos, invoices, correspondences, agreements or other written documents between Coral Gables Galleries, Inc. and Tom Britto and/or Teresa Britto for the last five years.

20. A copy of any and all e-mails, memos, invoices, correspondences, agreements or other written documents between Plaintiff, Leslie Howard Roberts, Jr., and the following individuals or companies concerning art sales to Defendant:

a. Magical Thinking Art;

b. Britto Central, Inc. (USA);

c. Britto Central Brazil;

d. Romero Britto;

e. Sunny Investments, Inc.;

f. Mike Miles; and

g. Sylvia Castro.

21. A copy of all business records, including inventory lists, invoices, client contact lists, tax records, and other documents for Britto in the Grove for the last five years.

22. A copy of all business records, including inventory lists, invoices, client contact lists, tax records, and other documents for Max in the Grove for the last five years.

23. A copy of all business records, including inventory lists, invoices, client contact lists, tax records, and other documents for Britto in the Grove for the last five years.

24. A copy of all business records, including inventory lists, invoices, client contact lists, tax records, and other documents for Coral Gables Galleries, Inc. for the last five years.

25. A copy of the purchase invoices, bills or other documentation (including proof of payment) that evidences/proves that Plaintiff, Leslie Howard Roberts, Britto in the Grove, or Coral Gables Galleries, Inc. purchased the paintings, or alternatively, were consigned the paintings, that were sold to Defendant, Ryan Mack d/b/a

Griffin Galleries, which are identified in Appendix A and Appendix B attached to this document request.

As to any document or thing that cannot be photocopied, you may identify the location and custodian of such document or thing and the times and conditions upon which it will be made available for inspection. The undersigned will pay the reasonable cost of your making copies of all statements, documents and records.

This is an ongoing request for production of all documents or things now in existence or hereafter obtained at any time prior to the final entry of judgment in the above-entitled matter.

OBJECTION WILL BE MADE AT THE TIME OF THE TRIAL TO ANY ATTEMPT TO INTRODUCE EVIDENCE WHICH IS DIRECTLY SOUGHT BY THIS DEMAND AND TO WHICH NO DISCLOSURE HAS BEEN MADE.

Dated: June 12, 2013

By: s/Allison L. Friedman
ALLISON L. FRIEDMAN, ESQ.
Florida Bar No: 0055336
ALLISON L. FRIEDMAN, P.A.
20533 Biscayne Blvd., Suite 4-435
Aventura, Florida33180
(305) 905-2679 (Telephone)
(305) 692-9387 (Facsimile)
ralfriedman@hotmail.com

Dated: June 12, 2013

By: s/Michael Lowden

THE LOWDEN LAW FIRM, LLC.
Michael W. Lowden ,#0282558
Attorney for the Plaintiff
4737 County Road 101, #304
Minnetonka, MN 55345
(952) 896-8000 (Telephone)
mlowden@lowdenlawfirm.com

# APPENDIX A

**RETAINED FORGED BRITTO PAINTINGS**

1) Britto Dog
2) From My NY Home
3) Love and Dance
4) Lustful Kiss
5) Martini Love
6) Moonlight Pals
7) My Kind of Party
8) Ocean Love
9) Passion Dance
10) Perfect Day
11) Playing with Him
12) Red Dress
13) Rosetta Night
14) Running Love
15) Soaring for Love
16) Tasteful Fruit
17) The Garden Love
18) The Night for Love
19) True Love
20) Untitled 2002
21) Untitled #1
22) Valentine Be Mine

# APPENDIX B

**SOLD BRITTO PAINTING**

1) With One Another
2) Waiting Passion
3) Waiting for Love
4) Untitled (2006) ADR-0982-06
5) Tulip
6) Sunset Fluffy Love
7) Royal Flowers
8) Red Cat
9) Purple Butterfly
10) Playing with Him
11) Playing with Her
12) Pink Tree
13) Pink Flower
14) Orange Cat
15) My Flying Love
16) Marini Passion
17) Martini for One
18) Love has Wings
19) Love Grows
20) Love 2002
21) Love 8x10 Purple
22) Love 8x10
23) Love 8x10 Blue
24) Little Tulip 6x8
25) His and Hers
26) Happy Girl
27) Happy Boy
28) Good Girl School
29) Good Girl
30) Fun in the Sun
31) Fruit Bowl
32) Forever Together
33) For Her Back
34) Fluffy Colors
35) Face
36) Colors of Love
37) Butterfly Red
38) Butterfly 9x12
39) Britto Untitled 6x8
40) Boy with Dog
41) Blue Boy
42) Black and White Cat
43) 3D My Home

# EXHIBIT "B"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**In Re:**

**Leslie Howard Roberts, Jr.**
**Silvia Castro Roberts,**
**Debtors.**
**_______________________/**

**Case No. 11-39825 LMI**
**Chapter 7**

**Leslie Howard Roberts, Jr.**
**Silvia Castro Roberts,**
**Plaintiffs,**

**Adv. Case No. 13-01141 LMI**

**vs.**

**Ryan Mack d/b/a**
**Griffin Galleries,**
**Defendant.**
**_______________________/**

**PLAINTIFF LESLIE HOWARD ROBERTS JR.S' RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

**COMES NOW THE PLAINTIFF, LESLIE HOWARD ROBERTS JR.,** by and through the undersigned attorney, and hereby files this Response to the Defendant's Request for Production as follows:

1. The Plaintiff does not have any of the items described in the First Request to Produce.

2. The Plaintiff does not have any of the items described in the Second Request to Produce.

3. The Plaintiff does not have any of the items described in the Third Request to Produce.

4. The Plaintiff has provided the Defendant with documents in response to the Fourth Request to Produce.

5. The Plaintiff does not have any of the items described in the Fifth Request to Produce.

6. The Plaintiff objects to the production of any items described in the Sixth Request to Produce that were created subsequent to the date that the Plaintiff filed his Chapter 7 Bankruptcy Petition. The Plaintiff is not in possession of any items described in the Sixth Request to Produce that were created prior to the filing of the Bankruptcy Petition.

7. The Plaintiff does not have any of the items described in the Seventh Request to Produce.

8. The Plaintiff objects to the production of any items described in the Eighth Request to Produce that were created subsequent to the date that the Plaintiff filed his Chapter 7 Bankruptcy Petition. The Plaintiff is not in possession of any items described in the Eighth Request to Produce that were created prior to the filing of the Bankruptcy Petition.

9. The Plaintiff does not have any of the items described in the Ninth Request to Produce.

10. The Plaintiff does not have any of the items described in the Tenth Request to Produce.

11. The Plaintiff objects to the production of any items described in the Eleventh Request to Produce that were created subsequent to the date that the Plaintiff filed his Chapter 7 Bankruptcy Petition. The Plaintiff is not in possession of any items described in the Eleventh Request to Produce that were created prior to the filing of the Bankruptcy Petition.

12. The Plaintiff objects to the production of any items described in the Twelfth Request to Produce because the request is overly burdensome. Moreover, all of the items requested should already be in the Defendant's possession.

13. The Plaintiff does not have any of the items described in the Thirteenth Request to Produce.

14. The Plaintiff does not have any of the items described in the Fourteenth Request to Produce.

15. The Plaintiff does not have any of the items described in the Fifteenth Request to Produce.

16. The Plaintiff does not have any of the items described in the Sixteenth Request to Produce.

17. The Plaintiff does not have any of the items described in the Seventeenth Request to Produce.

18. The Plaintiff does not have any of the items described in the Eighteenth Request to Produce.

19. The Plaintiff does not have any of the items described in the Nineteenth Request to Produce.

20. The Plaintiff does not have any of the items described in the Twentieth Request to Produce, subsections (a) through (f). The Plaintiff objects to producing the items described in subsection (g) as overly burdensome, immaterial to the issues raised in this proceeding, and protected by spousal privilege.

21. The Plaintiff does not have any of the items described in the Twenty-first Request to Produce.

22. The Plaintiff objects to the production of any items described in the Twenty-second Request to Produce that were created subsequent to the date that the Plaintiff filed his Chapter 7 Bankruptcy Petition. The Plaintiff is not in possession of any items described in the Twenty-second Request to Produce that were created prior to the filing of the Bankruptcy Petition.

23. The Plaintiff does not have any of the items described in the Twenty-third Request to Produce.

24. The Plaintiff does not have any of the items described in the Twenty-fourth Request to Produce.

25. The Plaintiff has provided the Defendant with documents in response to the Twenty-fifth Request to Produce.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 13, 2013 a copy of the foregoing was delivered to Allison L. Freidman, Esq. by email to ralfriedman@hotmail.com.

Submitted by: /s/ Mark S. Steinberg

Signature

Mark S. Steinberg, Esq.
Florida Bar No. 883913
Attorney for Debtors
9400 South Dadeland Boulevard
Penthouse Five
Miami, Florida 33156
Telephone: (305) 671-0015
Primary email: mss@steinberglawoffices.com
Secondary email: mss25@juno.com

**EXHIBIT "C"**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In Re:
LESLIE HOWARD ROBERTS, JR.
SILVIA CASTRO ROBERTS,

Case No: 11-39825 LMI
Chapter 7

Debtors. ______________________/

LESLIE HOWARD ROBERTS, JR.,
SILVIA CASTRO ROBERTS,

Adversary Case No: 13-01141-LMI

Plaintiffs,

vs.

**SUBPOENA IN ADVERSARY COMPLAINT**

RYAN MACK D/B/A GRIFFIN GALLERIES,

Defendant. ______________________/

To: **FBI**
**Chief Division Counsel Julio Ball**
**16320 NW 2nd Ave.**
**North Miami Beach, FL 33169**

[ ] YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[ x ] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**All documents seized from Leslie Howard Roberts and his businesses in execution of the search warrant, including, but not limited to, the specific items requested in the attached list to this subpoena.**

| PLACE | DATE AND TIME |
|---|---|
| **FBI Offices**<br>**16320 NW 2nd Ave.**<br>**North Miami Beach, FL 33169** | October 28, 2013 @ 2:30 p.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030 Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | TITLE |
|---|---|
| s/Allison L. Friedman, Esq. | Counsel for Defendant/Counter-Plaintiff, Ryan Mack |
| ISSUING OFFICER'S NAME (PRINT)<br>Allison L. Friedman, Esq. | PHONE<br>(305) 905-2679 |
| ADDRESS<br>20533 Biscayne Blvd., Suite 4-435, Aventura, Florida 33180 | DATE<br>September 26, 2013 |

PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |
| SERVED BY (PRINT NAME) | TITLE |
| | |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________________ ____________________________________________
DATE SIGNATURE OF SERVER

____________________________________________
ADDRESS OF SERVER

____________________________________________

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure: See also Local Rules 7026-1 and 7030-2.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises - or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom the discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**DOCUMENTS REQUESTED**

1. All bank records for Leslie Howard Roberts, Britto in the Grove, Max in the Grove, Coral Gables Galleries and Silvia Castro Roberts.
2. All financial records, including any accounting software, ledgers, books, receipts, bills of lading, credit card statements or similiar documents for Leslie Howard Roberts, Britto in the Grove, Max in the Grove, Coral Gables Galleries and Silvia Castro Roberts.
3. Any correspondences, e-mails, notes, contracts, or letters between Leslie Howard Roberts, employees of Britto in the Grove, Max in the Grove, Coral Gables Galleries, Silvia Castro, Michael Rosen, Romero Britto, Chino Taylor, Magical Thinking Art or Britto Central.
4. All invoices for the purchase of art and the sale of art for Leslie Howard Roberts, Britto in the Grove, Max in the Grove, Coral Gables Galleries and Silvia Castro Roberts.

# EXHIBIT "D"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No: 11-39825 LMI
Chapter 7

In Re:
LESLIE HOWARD ROBERTS, JR.
SILVIA CASTRO ROBERTS,

Debtors. /

LESLIE HOWARD ROBERTS, JR.,
SILVIA CASTRO ROBERTS,

Adversary Case No: 13-01141-LMI

Plaintiffs,

vs.

RYAN MACK D/B/A GRIFFIN
GALLERIES,

Defendant. /

**ORDER AUTHORIZING FBI TO COMPLY WITH SUBPOENA**

THIS CAUSE having come before the Court on Defendant/Counter-Plaintiff RYAN MACK's *Ex Parte* Motion for Order Authorizing FBI to Comply with Subpoena (ECF No. 43) and

the Court having reviewed said Motion and being otherwise duly advised in its Premises, it is ORDERED AND ADJUDGED that:

1. This Order is entered for the purpose of protecting the right of privacy of those individuals, including LESLIE HOWARD ROBERTS, JR. and SILVIA CASTRO ROBERTS, whose names appear in the records described in the attached Subpoena for Records without deposition. An agency is prohibited from disclosing records or information contained in records protected under the Privacy Act unless such disclosure falls within one of the exceptions set forth at 5 U.S.C. Section 522a(b). Pursuant to 5 U.S.C. Section 522a(b) (11), disclosure is allowed if made "pursuant to the order of a court of competent jurisdiction." To invoke this exception to the Privacy Act, the Court must make a determination that the need for disclosure of the information outweighs the privacy interests of the subject of the disclosure. Perry v. State Farm Fire & Casualty Company, 734 F.2d 1441,1447 (11th Cir.1984), cert. denied 469 U.S. 1108 (1985); Tootle v. Seaboard Coast Line R&R, 468 So.2d 237, 239 (Fla. Dist.Ct.App.1984). In this case, the Court finds that the records described are relevant to the issues raised in the above captioned case and that the need of the party requesting the records outweighs the potential harm to the subjects of the disclosure. This Order permits the disclosure in the course of this action of the records described in the attached subpoena issued and served upon the FBI on October 1, 2013.

2. Pursuant to the provisions of the Privacy Act, 5 U.S.C. Section 522(a) (b) (11), the Government is authorized to provide to the party requesting this Order those portions of the FBI file that are responsive to the subpoena subject to the following: The Government is entitled to invoke any privilege existing under the law or regulation other than the Privacy Act in connection with its release of such documents.

###

Submitted By:
Allison L. Friedman, Esq,
Florida Bar No. 0055336
Allison L. Friedman, P.A.
20533 Biscayne Boulevard, Suite 4-435
Aventura, Florida 33180
(305) 905-2679 (Telephone)
(305) 692-9387 (Facsimile)

Copies furnished to:
Allison L. Friedman, Esq. is directed to mail or electronically serve where available a conformed copy of this Order to all interested parties.